```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                        EASTERN DIVISION
```

| | | |
|---|---|---|
| James D. Hood, II, | : | |
|     Plaintiff, | : | |
|   v. | : | Case No. 2:01-cv-0454 |
| Ronald T. Keller, et al., | : | JUDGE MARBLEY |
|     Defendants. | : | |

<u>ORDER</u>

    This case was remanded from the Court of Appeals effective on April 26, 2007, when the mandate was filed.  In its opinion of April 2, 2007, the Court of Appeals found plaintiff's claims for injunctive and declaratory relief to be moot, but concluded that any claim plaintiff may have advanced for damages and attorneys' fees was not moot.  Rather than decide if plaintiff had any such claims, the Court of Appeals, after twice noting that plaintiff might have abandoned any claim for compensatory damages, decided that the existence and viability of such claims was better determined in the first instance by the trial court.

    Nothing of substance occurred after remand until defendants filed a motion on September 14, 2007, to substitute William Carleton as a defendant for Richard T. Keller based on the fact that Mr. Carleton is now the Director of the Capital Square Review and Advisory Board.  The motion specifically stated that Mr. Keller had been sued only in his official capacity.  Because such substitution is automatic under Fed.R.Civ.P. 25(d)(1), the Court granted the motion.

    As it turns out, the issue of whether Mr. Keller was sued only in his official capacity was not so clear-cut.  Plaintiff has opposed the substitution, at least as it relates to any

claims asserted against Mr. Keller in his individual capacity, and he has also requested discovery.  Defendants resist the taking of any discovery until the Court decides if there is a viable claim for damages remaining.  Competing motions for a protective order and to compel discovery have been filed, and the briefing on those motions is not yet complete.

The purpose of this order is two-fold.  First, the Court clarifies its earlier order regarding substitution.  Mr. Carleton is, by operation of Rule 25(d)(1), substituted as a defendant with respect to any official capacity claims asserted against Mr. Keller.  The Court was not asked to, and did not, decide if there are any individual capacity claims pending against Mr. Keller.  That remains an open question.

Second, it makes no sense to have litigation about whether discovery can proceed when there is an unresolved question about whether there are any claims remaining in this case.  As the Court reads the Court of Appeals' opinion, it decided only that *if* Mr. Hood still had a viable claim for either compensatory or nominal damages remaining, that claim (and any associated claim for attorneys' fees) was not moot.  It left the determination of whether such claims remained to the trial court.  No party has directly asked the trial court to make that determination, and that is a determination that should be made in the context of a dispositive motion (such as a motion to dismiss) rather than in the context of a discovery motion.  The question goes to the very issue of whether there are any issues left to litigate or whether, once the injunctive and declaratory issues became moot, the entire case should be dismissed - not on mootness grounds, but on grounds that plaintiff withdrew any claim for other types of relief, or on grounds (now asserted by defendants) that the initial complaint did not state any viable damages claims to begin with because all of the defendants were sued in their

official capacities only.  If that were so, any damages claims would be barred by the Eleventh Amendment.

Consequently, the Court enters the following order.  No discovery shall proceed pending this Court's determination of the issue encompassed in the Court of Appeals' opinion.  Defendants shall raise the issue by moving to dismiss the case.  Such motion shall be filed not later than November 21, 2007.  The motion shall be briefed in accordance with the Local Civil Rules.  If the Court determines that the case may proceed, a Rule 16 conference will be held to schedule additional discovery.  In the interim, all pending motions to compel or for a protective order, including Doc. #52 and #55 (but not including #56) are denied.

/s/ Terence P. Kemp
United States Magistrate Judge